UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

YAN BENJAMIN WILHELM ASSOUN,

       **Plaintiff,**      14-CV-01368 (PAC)(SN)

   -against-           **REPORT &**
                  **RECOMMENDATION**

ANAIS AMBER ASSOUN,

       **Defendant.**

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

**TO THE HONORABLE PAUL A. CROTTY**

  In this diversity action for money damages based on alleged fraud in a legal proceeding in England, Yan Benjamin Wilhelm Assoun (the "plaintiff" or "Yan"), who was represented by counsel upon filing his complaint but is now *pro se*, alleges that his former spouse, Anais Amber Assoun (the "defendant" or "Anais"), intentionally misrepresented her financial assets to the English court in order to obtain increased spousal support. Before the Court is Anais's motion to dismiss Yan's complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)"). For the following reasons, Anais's motion to dismiss should be GRANTED.

BACKGROUND

I.      **Factual Background**[1]

Yan, now a resident of New York, and Anais, now a resident of Texas, are formerly married and lived in England for a period after their divorce. Beginning on November 18, 2013, the High Court of Justice, Principal Registry of the Family Division (the "U.K. Court") held a five-day hearing on Anais's petition to increase the amount of spousal and child support Yan was paying. The U.K. Court also considered Yan's counter-petition for a downward variation in support, including repayment of past overpayments. The U.K. Court dismissed Yan's counter-petition and ordered that he pay: (1) $380,000 per year in spousal support; (2) $165,333.22 in retroactive spousal support; (3) $25,000 per year in child support for each of the parties' two children; (4) $1,333.33 in retroactive child support; and (5) attorney's fees in the amount of £234,622.

According to Yan's complaint in this action, Anais intentionally underreported her financial information to the U.K. Court during the proceedings to procure a more favorable judgment. Specifically, Yan alleges that Anais undervalued her income by approximately $40,000; her chattel property, which included jewelry and furniture, by £86,000; and her real property, a ranch in Texas, by $400,000. Yan further claims that Anais failed to report the increased value of her holdings in a company called BrokerHub, her credit card usage, and

---

[1] The following alleged facts are drawn from the complaint and from the documents attached to the defendant's Declaration of David D. Howe. The Court finds these documents to be incorporated into the complaint by reference or integral to the allegations in the complaint. See BLT Rest. Grp. LLC v. Tourondel, 855 F. Supp. 2d 4, 15 (S.D.N.Y. 2012) (setting forth the documents that are construed as within "the four corners of the complaint" and thus proper for a court to consider upon a Rule 12(b)(6) motion to dismiss); Staehr v. Hartford Fin. Servs. Grp., Inc., 547 F.3d 406, 425 (2d Cir. 2008). The Court assumes all factual allegations to be true for purposes of a motion to dismiss under Rule 12(b)(6). See Harris v. Mills, 572 F.3d 66, 71 (2d Cir. 2009).

that she was married to and receiving financial support from "Mr. Gustasfon" at the time of the proceedings.

## II.     Procedural Background

On December 20, 2013, Anais registered the U.K. Court's order in New York State Family Court, New York County (the "New York Family Court") under Article 5-B of New York's Family Court Act. (See Howe Decl., Ex. 4 ("Notice of Registration of Out-Of-State Support Order").) On January 6, 2014, Yan petitioned the New York Family Court to vacate the registration of the U.K. Court's support order.

On February 13, 2014, Yan, represented by counsel, commenced this action by filing his complaint against Anais in the Supreme Court for the State of New York, New York County, asserting a claim of intentional misrepresentation or, in the alternative, negligent misrepresentation. Anais removed the action to the U.S. District Court for the Southern District of New York on February 28, 2014, on the basis of diversity jurisdiction under 28 U.S.C. § 1332. As of the date this action was removed, Yan has proceeded *pro se*.

On April 10, 2014, Anais filed a motion to dismiss Yan's complaint under Rule 12(b)(6), along with the declaration of David D. Howe (the "Howe Declaration"), which attached the order and sealed transcript from the U.K. Court, the notice of registration of the U.K. Court's support order that Anais had filed in the New York Family Court, and Yan's state court petition to vacate registration of the U.K. Court's support order. On July 8, 2014, Yan opposed the motion to dismiss, and on July 17, 2014, Anais filed a reply. On July 15, 2014, the Honorable Paul A. Crotty referred this matter to me for a report and recommendation.

**LEGAL STANDARD**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Brown v. Daikin Am. Inc., 756 F.3d 219, 225 (2d Cir. 2014) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 554, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). While "the plausibility standard is not akin to a probability requirement," id. (internal quotation marks omitted), the plaintiff must "nudge[] [his] claims across the line from conceivable to plausible . . . ." Twombly, 550 U.S. at 570. A court must take "factual allegations [in the complaint] to be true and draw[] all reasonable inferences in the plaintiff's favor." Harris v. Mills, 572 F.3d 66, 71 (2d Cir. 2009) (citation omitted). Legal conclusions conversely do not benefit from a presumption of truth. See Iqbal, 556 U.S. at 678.

When the plaintiff is proceeding *pro se*, the court must "construe [the] complaint liberally and interpret it to raise the strongest arguments that [it] suggest[s]." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (citation and internal quotation marks omitted); see Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Indeed, "if a *pro se* litigant pleads facts that would entitle him to relief, that petition should not be dismissed because the litigant did not correctly identify the statute or rule of law that provides the relief he seeks." Thompson v. Choinski, 525 F.3d 205, 209 (2d Cir. 2008). But "[e]ven in a *pro se* case . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Chavis, 618 F.3d at 170 (internal quotation marks omitted). Thus, although the court is "obligated to draw the most

4

favorable inferences" that the complaint supports, it "cannot invent factual allegations that [the plaintiff] has not pled." Id.

In its analysis, the Court may consider documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, or matters of which judicial notice may be taken. See Taylor v. Vt. Dep't of Educ., 313 F.3d 768, 776 (2d Cir. 2002); Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002); BLT Rest. Grp. LLC v. Tourondel, 855 F. Supp. 2d 4, 15 (S.D.N.Y. 2012).

## DISCUSSION

**I.    Fraud**

Yan alleges a claim for intentional misrepresentation, which, under New York law, is identical to a claim for fraud. See Sabre Int'l Sec., Ltd. v. Vulcan Capital Mgmt., Inc., 95 A.D.3d 434, 439 (1st Dep't 2012) ("To the extent plaintiff alleges intentional misrepresentation, the claim is duplicative of the sixth cause of action for fraud."); B & M Linen, Corp. v. Kannegiesser, USA, Corp., 679 F. Supp. 2d 474, 480 (S.D.N.Y. 2010) ("The elements of common-law fraud and intentional misrepresentation under New York law are the same."). Foreign judgments are enforceable in New York unless one of the grounds for non-recognition delineated in N.Y. CPLR ("CPLR") § 5304 applies, in which case the foreign judgment is either *per se* "not conclusive" or, as a matter of discretion, "need not be recognized" by a New York court.[2] See CPLR §§ 5303, 5304. One ground on which a court can decided not to recognize a foreign judgment it when "the judgment was obtained by fraud." Id. § 5304(b)(3).

---

[2] The two grounds for *per se* non-recognition of a foreign judgment are where (1) "the judgment was rendered under a system which does not provide impartial tribunals or procedures compatible with the requirements of due process of law"; or (2) "the foreign court did not have personal jurisdiction over the defendant." CPLR § 5304(a)(1, 2).

"It is axiomatic that comity should be extended to uphold the validity of a foreign divorce decree absent a showing of fraud in its procurement or that recognition of the judgment would do violence to some strong public policy of the state." Farag v. Farag, 4 A.D.3d 502, 504 (2d Dep't 2004). The "doctrine of comity" holds that "full faith and credit will be accorded to a judgment of a foreign country unless it is established that the judgment is violative of a strong public policy or has been procured by extrinsic, as opposed to intrinsic, fraud." Altman v. Altman, 150 A.D.2d 304, 306 (1st Dep't 1989); see also Greschler v. Greschler, 51 N.Y.2d 368, 376-77 (1980). "Extrinsic fraud" occurs where a party makes misrepresentations to an adversary that concern an issue unrelated to the legal claims in the case, and those misrepresentations deprive the adversary of a fair opportunity to participate in the litigation. See Altman, 150 A.D.2d at 306; Tamimi v. Tamimi, 38 A.D.2d 197, 204 (2d Dep't 1972). For example, it would be extrinsic fraud if a plaintiff bringing a breach of contract claim falsely told a defendant that a settlement agreement had been reached and that answering the complaint was not necessary, but then moved for default judgment when the defendant failed to file an answer. See Chevron Corp. v. Donziger, 886 F. Supp. 2d 235, 281 (S.D.N.Y. 2012); Tamimi, 38 A.D.2d at 204. By contrast, it is "intrinsic fraud" where a party makes misrepresentations about an issue in controversy in the litigation, e.g., if the plaintiff had forged the defendant's signature on the allegedly breached contract and then falsely testified in court that he witnessed the defendant sign the contract. See Altman, 150 A.D.2d at 306-07.

Here, all of Anais's alleged misrepresentations were made to the U.K. Court regarding her financial information, which, as the determinative factor for how much spousal and child support Yan was to provide, directly concerned the issue in controversy. Yan thus alleges only that Anais committed intrinsic fraud. In his opposition, Yan suggests that extrinsic fraud is at

6

issue here because Anais had lied to him, "not to [the] court," when they "agreed to compromise on the money [he] pay[s] her." (Opp'n ¶ O.) The compromise and misrepresentations to which Yan refers are not explained in the opposition and are not referenced in the complaint. Regardless, the key distinction between intrinsic and extrinsic fraud is the subject matter of the misrepresentation, not who was lied to. Yan does not allege in his complaint or in his opposition that a previous "compromise" concerned a matter outside the spousal support at issue or that it affected his ability to represent his interests in the U.K. Court. Indeed, it is clear from the U.K. Court's order and the references to Yan's counter-petition for a downward variance that Yan was under no illusion that there was a compromise at the time of the proceeding. Construing Yan's opposition liberally, his argument may be that extrinsic fraud arose where "he failed to present his case [before the U.K. Court] because" Anais's agreement to a compromise "lulled [him] into a false security." Tamimi, 38 A.D.2d at 204 (internal quotation marks omitted). This argument, though, is directly contradicted by the facts alleged in the complaint and contained in the documents incorporated by reference such that Yan cannot plausibly plead additional facts that could bolster this contention.

Yan seeks money damages as a remedy for this alleged intrinsic fraud. While New York law is ambiguous with respect to when a foreign judgment can be attacked collaterally in a separate action for equitable relief in a case of purely intrinsic fraud, it is established that a party cannot bring a separate claim for *damages* where only intrinsic fraud is alleged. See Specialized Indus. Servs. Corp. v. Carter, 68 A.D.3d 750, 751-52 (2d Dep't 2009); Chevron Corp. v. Donziger, 11 Civ. 0691 (LAK), 2013 WL 98013, at *5 n.43 (S.D.N.Y. Jan. 7, 2013).[3] There is,

---

[3] The Court rejects Yan's argument that his prayer for relief in the complaint included "different types of relief" besides monetary damages. (Opp'n ¶ 3(C).) In addition to seeking monetary damages, the prayer for relief asks for "such other and further relief as the Court may deem just and proper, including costs and disbursements of this action." (Compl. at 5.) A plaintiff's "ritualistic use in the prayer for relief of

however, an exception to this rule: an action for damages based on intrinsic fraud in a prior action can stand if the plaintiff sufficiently alleges that the fraud was "'merely a means to the accomplishment of a larger fraudulent scheme.'" Carter, 68 A.D.3d at 751-52 (quoting Newin Corp. v. Hartford Acc. & Indem. Co., 37 N.Y.2d 211, 217 (1975)). Here, no facts have been alleged to suggest that Anais's misrepresentations were part of a fraudulent scheme greater in scope than the spousal and child support variance she sought in the U.K. Court proceeding. Cf. Retina Assoc. of Long Is. v. Rosberger, 299 A.D.2d 533, 533 (2d Dep't 2002).

     Yan argues that his allegations satisfy the "larger fraudulent scheme" exception because of the lengthy amount of time for which he would have to pay spousal support and because Anais had not disclosed during the proceeding that she had remarried. (Opp'n ¶ Q.) First, the duration during which spousal support must be provided is an issue that was actually determined in the prior proceeding; it thus does not support a finding that the exception applies. Second, Anais's marital status and valuation of financial support from her spouse are matters within the scope of the prior proceeding, as they are, according to Yan, "material and relevant facts necessary for the UK Court to have accurately assessed the financial obligations of the Plaintiff." (Compl. ¶ 14.) If, as alleged, Anais did not disclose those facts during the proceeding, they are still within the scope of what the court would have considered, which is why Yan alleges that this fact supports a finding of fraud in the first place. Because Yan's action is for money damages, alleges intrinsic fraud only, and does not meet the "larger fraudulent scheme" exception, he fails to state a claim for fraud under New York law for which relief can be granted.

---

[this language] . . . does not change the legal character of the relief demanded. . . [and] in no way changes the exclusively monetary nature of the relief actually sought[.]" Murphy v. Am. Home Prods. Corp., 136 A.D.2d 229, 233 (1st Dep't 1988). In addition, Yan has a pending case in New York Family Court to vacate the registration of the U.K. Court's order, further indicating that he seeks money damages only in this action.

See Retina Assoc. of Long Is., 299 A.D.2d at 533 (holding that, where the plaintiff sought money damages for the defendant's alleged perjury in a prior arbitration proceeding and where the "larger fraudulent scheme" exception did not apply, "there is no cause of action for such alleged conduct"). Yan's intentional misrepresentation/fraud claim is non-cognizable under the CPLR, New York case law, and the principles of comity, and should therefore be dismissed.

## II.   Negligent Misrepresentation

As an alternative to intentional misrepresentation, Yan alleges a claim for negligent misrepresentation against Anais based on the same alleged facts. Yan's alternative claim for negligent misrepresentation is also not cognizable under New York law and should thus be dismissed.

Sustaining Yan's claim for negligent misrepresentation would be antithetical to the principles of comity underpinning CPLR §§ 5303, 5304 and the related case law. The only injury alleged in Yan's complaint is the U.K. Court's judgment for spousal payments and child support. As described above, the non-recognition ground of fraud does not apply here, and no other ground listed in CPLR § 5304 is germane to the foreign judgment at issue. While the Court is not tasked directly with determining the enforceability of the U.K. Court's judgment, the Court under New York law must presume the judgment is conclusive because there is no evidence to indicate otherwise. See Sung Hwan Co., Ltd. v. Rite Aid Corp., 7 N.Y.3d 78, 82 (2006) (stating that foreign judgments are enforceable unless a specific ground for non-recognition in CPLR § 5304 applies and explaining that a public policy rationale for non-recognition applies only in "rare" circumstances where the foreign judgment is "inherently vicious, wicked or immoral, and shocking to the prevailing moral sense") (internal quotation marks omitted).

A New York court order for Anais to make a payment to Yan as damages for an enforceable foreign order for Yan to make payments to Anais is both illogical and inconsistent with New York law, specifically the Uniform Foreign Country Money-Judgments Recognition Act under CPLR § 5303. This Act "was intended to codify and clarify existing case law applicable to the recognition of foreign country money judgments based on principles of international comity, 'and, more importantly, to promote the efficient enforcement of New York judgments abroad by assuring foreign jurisdictions that their judgments would receive streamlined enforcement here.'" Abu Dhabi Commercial Bank PJSC v. Saad Trading, Contracting & Fin. Servs. Co., 117 A.D.3d 609 (1st Dep't 2014) (quoting CIBC Mellon Trust Co. v. Mora Hotel Corp., 100 N.Y.2d 215, 221 (2003)). A foreign judgment is "'conclusive between the parties to the extent that it grants or denies recovery of a sum of money,'" unless one of the specified grounds for non-recognition applies. Id. (quoting CPLR § 5303.) As discussed, neither fraud nor any other ground for non-recognition listed in CPLR § 5304 applies here. Absent a showing that the foreign judgment is not conclusive, finding that the presumably enforceable judgment constitutes an injury justifying damages would undermine New York law and long-established principles of comity. Cf. Sung Hwan Co., Ltd., 7 N.Y.3d at 82 ("Historically, New York courts have accorded recognition to the judgments rendered in a foreign country under the doctrine of comity . . . [a]bsent some showing of fraud in the procurement of the foreign country judgment or that recognition of the judgment would do violence to some strong public policy of this State.").

 Additionally, Yan's claim for negligent misrepresentation is not cognizable under New York law because Anais has absolute immunity with respect to "communications made in the course of judicial proceedings and which relate to the litigation." D'Annunzio v. Ayken, Inc.,

876 F. Supp. 2d 211, 216 (E.D.N.Y. 2012). Under New York's judicial-proceedings privilege, "statements made in judicial and quasi-judicial proceedings are privileged and may not be actionable so long as they are pertinent to the controversy." Zdenek Marek v. Old Navy (Apparel) Inc., 348 F. Supp. 2d 275, 281 (S.D.N.Y. 2004); see also Sklover v. Sack, 102 A.D.3d 855 (2d Dep't 2013) (holding that a statement made in the course of a judicial proceeding "is absolutely privileged if, by any view or under any circumstances, it may be considered pertinent to the litigation"). The absolute privilege applies to judicial proceedings held in other jurisdictions and countries. See Yong Ki Hong v. KBS Am., Inc., 951 F. Supp. 2d 402, 440 (E.D.N.Y. 2013) (citing Sorge v. City of New York, 288 N.Y.S.2d 787, 791 (Sup. Ct. 1968); Bakhshandeh v. Am. Cyanamid Co., 211 F. Supp. 803, 808 (S.D.N.Y. 1962)); cf. Mireskandari v. Mayne, 12 Civ. 03861 (JGB)(MAN), 2013 WL 2041013, at *4-5 (C.D. Cal. May 14, 2013) (finding that a defendant in a diversity case had absolute immunity from civil liability "based on the doctrine of witness immunity as set forth by the U.S. Supreme Court in Briscoe v. LaHue, 460 U.S. 325 (1983)"). There is no dispute that Anais's alleged negligent misrepresentations were made to the U.K. Court in the course of the judicial proceeding and were pertinent to the issue in controversy. The absolute judicial proceedings privilege thus applies and immunizes Anais from civil liability arising from the alleged negligent misrepresentations at issue.

     For the above reasons, the Court finds that Yan's claims for intentional or negligent misrepresentation are not cognizable under New York law in the circumstances presented here. Therefore, because Yan has failed to state a claim upon which relief can be granted, the Court recommends that Anais's motion to dismiss the complaint be GRANTED.

**III.     Leave to Amend**

Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend a party's pleading "shall be freely given when justice so requires." This is so because "mere technicalities" in the pleadings should not prevent cases from being decided on the merits. Monahan v. N.Y.C. Dep't of Corr., 214 F.3d 275, 283 (2d Cir. 2000) (citing Foman v. Davis, 371 U.S. 178, 181 (1962)). A district court has discretion whether to grant or deny leave to amend. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007). "Leave to amend, though liberally granted, may properly be denied for: undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (internal quotation marks omitted); Foman, 371 U.S. at 181-82. "Where the 'problem with [a complaint] is substantive [and] better pleading will not cure it,' leave to amend should be denied as futile." Leary, 2012 WL 1622611, at *12 (quoting Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000)).

Given the facts alleged in Yan's complaint and contained in the documents incorporated by reference, it does not appear that Yan could further plead plausible facts sufficient to state a claim. The Court thus recommends that leave to amend be denied as futile. Nevertheless, in his objections to this report and recommendation, Yan may make a showing that leave to amend should be granted by proffering any additional facts he would allege in an amended complaint.

## CONCLUSION

For the foregoing reasons, the Court recommends that the plaintiff's complaint be DISMISSED, WITHOUT LEAVE TO AMEND.

## NOTICE OF PROCEDURE FOR FILING OBJECTIONS
## TO THIS REPORT AND RECOMMENDATION

The parties shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. See also Fed. R. Civ. P. 6(a), (d) (adding three additional days when service is made under Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F)). A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Paul A. Crotty at the United States Courthouse, 500 Pearl Street, New York, New York 10007, and to any opposing parties. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Crotty. The failure to file these timely objections will result in a waiver of those objections for purposes of appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); Thomas v. Arn, 474 U.S. 140 (1985).

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:    New York, New York
          September 19, 2014


cc:       Yan Benjamin Wilhelm Assoun (*By Chambers*)
          475 Broadway, Apt. 6E
          New York, New York 10013