UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

YAN BENJAMIN WILHELM ASSOUN,

                   Plaintiff,

      v.

ANAIS AMBER ASSOUN,

                 Defendant.

------------------------------------------------------------X

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: January 7, 2015

14 Civ. 1368 (PAC)

**ORDER ADOPTING REPORT
& RECOMMENDATION**

HONORABLE PAUL A. CROTTY, United States District Judge:

*Pro se* Plaintiff Yan Benjamin Wilhelm Assoun alleges that his former spouse, Defendant
Anais Amber Assoun, misrepresented her financial status to a court in England (the "U.K.
Court") in connection with the parties' divorce proceedings in order to receive artificially high
spousal and child support payments.[1]  Plaintiff seeks monetary damages based on Defendant's
alleged intentional or negligent misrepresentations to the U.K. Court.  Defendant moves to
dismiss the Complaint for failure to state a claim and for lack of particularity in pleading fraud.

**I.  Facts**

    Plaintiff and Defendant, currently both United States residents, engaged in divorce
proceedings in England and lived there for a period of time following their divorce.  In 2012,
Defendant filed a petition to increase the amount of spousal and child support that she received
from Plaintiff, and Plaintiff filed a counter-petition to reduce the amount of support.  After a
five-day hearing beginning on November 18, 2013, the U.K. Court dismissed Plaintiff's counter-

---

[1] Plaintiff was represented by counsel when he filed the New York Complaint, but has proceeded *pro se* since the
Complaint.

petition and ordered Plaintiff to pay: (1) $380,000 per year in spousal support, (2) $165,333.22 in

retroactive spousal support, (3) $25,000 per year in child support for each of the parties' two

children, (4) $1,333.33 in retroactive child support, and (5) attorneys' fees totaling £234,622 (the

"U.K. Order").  On December 20, 2013, Defendant registered the U.K. Order in New York State

Family Court pursuant to Article 5-B of the New York Family Court Act.  On January 6, 2014,

Plaintiff petitioned the New York State Family Court to vacate registration of the U.K. Order on

the ground that, *inter alia*, the order was obtained by fraud.

On February 13, 2014, Plaintiff commenced litigation in New York State Court, alleging

that Defendant had intentionally—or in the alternative, negligently—misrepresented her

financial situation to the U.K. Court in order to inflate the level of support awarded to her.

Specifically, the Complaint alleges that during the proceedings before the U.K. Court, Defendant

undervalued her income, chattel property, and real property; failed to report the increased value

of her interest in a company called BrokerHub; failed to disclose information regarding her use

of a certain credit card; and failed to disclose that she was married to an individual named "Mr.

Gustasfon" and received financial support from him.  Defendant removed the action to federal

court on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1332, and subsequently

moved to dismiss.

## II. Magistrate Judge Netburn's Report and Recommendation

On September 19, 2014, Magistrate Judge Sarah Netburn issued a Report and

Recommendation ("R&R") that Defendant's motion to dismiss should be granted.  Magistrate

Judge Netburn recommends dismissal of Plaintiff's claim for intentional misrepresentation

because New York law does not permit a plaintiff to bring a separate claim for damages based on

alleged intrinsic fraud in procuring a prior foreign judgment. (R&R at 7 (citing *Specialized*

*Indus. Servs. Corp. v. Carter*, 68 A.D.3d 750, 751-52 (2d Dep't 2009); *Chevron Corp. v.*

2

*Donziger*, 2013 WL 98013, at *5 n.43 (S.D.N.Y. Jan. 7, 2013)).  The alleged misrepresentations

constitute intrinsic fraud because they concern Defendant's financial status, which was a key

component of the issues adjudicated by the U.K. Court.  (R&R at 6-7).  *See Altman v. Altman*,

150 A.D.2d 304, 306 (1st Dep't 1989) (intrinsic fraud is that which "involve[s] the issue in

controversy" in the prior proceeding) (citation omitted).[2]

      An exception to the rule precluding damages actions based on allegations of intrinsic

fraud provides that such actions are permissible if the "alleged . . . fraud in the underlying action

was merely a means to the accomplishment of a larger fraudulent scheme."  *See Specialized*

*Indus. Servs. Corp.*, 68 A.D.3d at 752 (citation omitted).  Magistrate Judge Netburn recommends

that this exception is inapplicable to Plaintiff's claims because the alleged misrepresentations

regarding Defendant's financial status clearly fall within the scope of the proceedings before the

U.K. Court, not any "larger fraudulent scheme."  (R&R at 8).

      Magistrate Judge Netburn recommends dismissal of the negligent misrepresentation

claim because Plaintiff's only alleged injury is the entry of the U.K. Order, and Plaintiff has not

demonstrated any grounds under the applicable New York statute for non-recognition of the

order. (R&R at 10).  *See* N.Y. C.P.L.R. §§ 5303, 5304.  Absent such grounds, the order is

presumptively conclusive and does not constitute an injury justifying damages.  (R&R at 10

(citing *Abu Dhabi Commercial Bank PJSC v. Saad Trading, Contracting & Fin. Servs. Co.*, 117

A.D.3d 609, 611 (1st Dep't 2014)).  Magistrate Judge Netburn recommends that Plaintiff also

failed to state a claim for negligent misrepresentation because Defendant is entitled to absolute

immunity for communications made in the course of judicial proceedings which relate to the

---

[2] As explained in the R&R, although "New York law is ambiguous with respect to when a foreign judgment can be
attacked collaterally in a separate action for equitable relief in a case of purely intrinsic fraud," Plaintiff in this case
seeks monetary damages, not equitable relief.  (R&R at 7).

litigation. (R&R at 11).  *See Zdenek Marek v. Old Navy (Apparel) Inc.*, 348 F. Supp. 2d 275, 281 (S.D.N.Y. 2004); *Yong Ki Hong v. KBS Am., Inc.*, 951 F. Supp. 2d 402, 440 (E.D.N.Y. 2013) (defendant entitled to absolute immunity for statements made during judicial proceeding in foreign country).

### III. Discussion

The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  The Court may "adopt those portions of the report to which no timely objection has been made, so long as there is no clear error on the face of the record." *Feehan v. Feehan*, 2011 WL 497776, at *1 (S.D.N.Y. Feb. 10, 2011).  Plaintiff had fourteen days after being served with the R&R to file written objections to the proposed findings and recommendations. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  Plaintiff's failure to do so results in waiver of any objections. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985).  Accordingly, the Court reviews the R&R for clear error.  Finding none, the Court hereby adopts the R&R in full.

### IV.  Conclusion

For the foregoing reasons, Defendant's motion to dismiss is GRANTED.  The Court agrees with Magistrate Judge Netburn that "it does not appear that [Plaintiff] could further plead plausible facts sufficient to state a claim." (R&R at 12).  Leave to amend the Complaint is therefore DENIED as futile. The Clerk of Court is directed to enter judgment and close this case.


Dated:  New York, New York
        January 6, 2015                                    SO ORDERED

                                                           _____
                                                           PAUL A. CROTTY
                                                           United States District Judge

4

Copy mailed to:

Yan Benjamin Wilhelm Assoun
475 Broadway, Apt. 6E
New York, New York 10013